# 24-1389

---

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

BENZION RABINOWITZ,

*Petitioner-Appellant,*

- v. -

LEVI KELMAN,

*Respondent-Appellee.*

---

*On appeal from Order and Judgment of the U.S. District Court for
the Southern District of New York*

---

## APPELLANT'S BRIEF

---

Dominic J. Aprile, Esq.
**BATHGATE, WEGENER & WOLF, P.C.**
One Airport Road
Lakewood, New Jersey 08701
(732) 363-0666
Fax No. (732) 363-9864
Daprile@bathweg.com
Attorneys for Appellant
Levi Kelman

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES....................................................................ii

RULE 26.1 DISCLOSURE STATEMENT .............................................. 1

JURISDICTIONAL STATEMENT...................................................... 1

ISSUES PRESENTED FOR REVIEW.................................................... 1

STATEMENT OF THE CASE ............................................................ 2

RELEVANT PROCEDURAL HISTORY .................................................. 4

FACTUAL BACKGROUND ............................................................. 7

SUMMARY OF THE ARGUMENT...................................................... 12

LEGAL ARGUMENT ................................................................... 14

I.     THE DISTRICT COURT ERRED IN APPLYING THE FEDERAL ARBITRATION ACT BECAUSE THE SETTLEMENT AGREEMENT AND ARBITRATION AGREEMENT PROVIDED FOR THE APPLICATION OF EITHER THE NEW JERSEY ARBITRATION ACT OR THE NEW YORK CIVIL PRACTICE RULES...................... 14

     A. Respondent's Opposition and Cross-Motion Was Timely Whether Construed Under New Jersey or New York Law, and State Law Governs the Interpretation of the Arbitration Award............................................ 15

II.    NEW JERSEY LAW SHOULD APPLY TO ENFORCEMENT OR VACATION OF THE AWARD............................................... 19

III.   THE DISTRICT COURT SHOULD HAVE VACATED THE ARBITRATION AWARD REGARDLESS OF WHETHER NEW JERSEY LAW, NEW YORK LAW OR THE FAA APPLIED............. 22

     A.    New Jersey Standard ................................................... 22

B.     New York Standard ........................................................ 24

C.     Federal Arbitration Act Law ......................................... 25

D.     Application of the Law to the Facts ...................................................

IV.    THE DISTRICT COURT ERRED BECAUSE THE INITIAL PSAK WAS NOT A FINAL  AWARD ............................................................. 30

CONCLUSION ........................................................................ 33

CERTIFICATE OF COMPLIANCE ...................................... 34

# TABLE OF AUTHORITIES

## CASES CITED
### PAGE

*AFL-CIO v. Trust Company of New Jersey,*
  105 N.J. 442, 449 (1987) .................................................................... 22

*A.F. of L., v. Filene Holding Corp.,*
  43 N.Y.S.2d 309, 309 (Sup. Ct. 1943) ............................................... 25

*Baesler v. Continental Grain Co.,*
  900 F.2d 1193 (8th Cir. 1990) ............................................................ 14

*Bd. Of Educ. Of Amityville Union Free School Dist. v Amityville Teacher's Ass'n,*
  62 AD3d 992 (2d Dept 2009) .............................................................. 31

*Berizzi Co. v. Krausz,*
  239 N.Y. 315, 318 (1925) ................................................................... 25

*Bisnoff v. King,*
  154 F. Supp. 2d 630 (S.D.N.Y. 2001) ................................................ 17

*Bldg. Serv. Employees Int'l Union, Local 32B, A.F. of L., v. Filene Holding Corp.,*
  43 N.Y.S.2d 309 (Sup. Ct. 1943) ....................................................... 29

*Bldg. Serv. Ins. Co. of Hartford v. TIG Ins. Co.,*
  360 F.3d 322 (2d Cir. 2004 ................................................................. 25

*Breen v. Peck,*
  28 N.J. 351 (1958) .............................................................................. 32

*Central Motor v. E I Dupont Denemours,*
  251 N.J. Super. 34 (1989) ................................................................... 32

*Commc'ns Workers of Am., Local 1087 v. Monmouth Cty. Bd. of Soc. Servs.,*
  96 N.J. 442 (1984) .............................................................................. 23

*Cty. Coll. of Morris Staff Ass'n v. Cty. Coll. of Morris,*

100 N.J. 383 (1985) ........................................................................... 23,29

*Diamond Shamrock Chemicals Co. v. Aetna Cas. & Sur. Co.*,
    258 N.J. Super. 167 (App. Div. 1992) ...................................................... 19

*Doctor's Associates, Inc. v. Casarotto*,
    517 U.S. 681 (1996) ....................................................................... 14,16

*Dominium Austin Partners, L.L.C. v. Emerson*,
    248 F.3d 720 (8th Cir. 2001) ............................................................ 14,18

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
    333 F.3d 383 (2d Cir. 2003) .................................................................. 26

*Eastern Associated Coal Corp. v. Mine Workers*,
    531 U.S. 57, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000) ........................................ 26

*Employees Int'l Union, Local 32B, A.F. of L., v. Filene Holding Corp.*,
    43 N.Y.S.2d 309 (Sup. Ct. 1943) ............................................................ 29

*Fieger v. Pitney Bowes Credit Corp.*,
    251 F.3d 386 (2d Cir. 2001) .................................................................. 15

*Fin. One Pub. Co. v. Lehman Bros. Special Fin.*,
    414 F.3d 325 (2d Cir. 2005) .................................................................. 15

*Fred J. Brotherton, Inc. v. Kreielsheimer*,
    8 N.J. 66 (1951) ........................................................................... 23

*Florasynth, Inc. v. Pickholz*,
    750 F.2d 171 (2d Cir. 1984) .................................................................. 20

*Goldfinger v. Lisker*,
    68 N.Y.2d 225 (1986) ........................................................................ 24

*Goldman v. Architectural Iron. Co.*,
    306 F.3d 1214 (2d Cir.2002) ................................................................. 26

*Grayson-Robinson Stores v. Iris Construction Corp.*,
    183 N.Y.S.2d 695 (1959) ..................................................................... 20

iv

*High Voltage Engineering Corp. v. Pride Solvents & Chem. Co. of N.J., Inc.*,
326 N.J. Super. 356 (App. Div. 1999)................................................. 23,29

*In re Arbitration Between Grover & Universal Underwriters Ins. Co.*,
80 N.J. 221 (1979) ................................................................................. 23

*Ins. Co. of Hartford v. TIG Ins. Co.*,
360 F.3d 322, 328 (2d Cir. 2004) ...................................................... 16,18

*J.A.O. Acquisition Corp. v. Stavitsky*,
745 N.Y.S.2d 634 (Sup. Ct. 2001) ........................................................ 15

*Jeereddi A. Prasad, M.D., Inc., Ret. Plan Tr. Profit Sharing Plan v. Inv'rs Associates, Inc.*,
82 F. Supp. 2d 365 (D.N.J. 2000) ........................................................ 17

*Kearny PBA Local # 21 v. Town of Kearny*,
81 N.J. 208 (1979)................................................................................. 23

*Kimm v. Blisset, LLC*,
388 N.J. Super. 14 (App. Div. 2006).................................................... 31

*Local 1199 v. Brooks Drug Co.*,
956 F.2d 22 (2d Cir.1992) .................................................................... 26

*Local No. 153, Office & Professional Employees International Union, AFL-CIO v. Trust Company of New Jersey*,
105 N.J. 442 (1987)....................................................................... 22,23,29

*Mastick v. TD Ameritrade, Inc.*,
147 Cal. Rptr. 3d 717 (Ct. App. 2012)................................................. 16

*Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd.*,
372 N.E.2d 21 (N.Y. 1977) .................................................................. 31

*Muller v. Wertzberger*,
972 N.Y.S.2d 144 (Sup. Ct. 2013) ....................................................... 31

*New York City Transit Auth. v. Transp. Workers' Union of Am., Local 100, AFL-CIO,*
   6 N.Y.3d332 (2005) ........................................................................................ 24

*PaineWebber Inc. v. Bybyk,*
   81 F.3d 1193 (2d Cir. 1996) ......................................................................... 16

*P.V. v. Camp Jaycee,*
   197 N.J. 132 (2008)19 ................................................................................... 19

*Schmidt v. Celgene Corp.,*
   425 N.J. Super. 600 (App. Div. 2012) ......................................................... 19

*State Farm Mut. Auto. Ins. Co. v. Simmons' Estate,*
   84 N.J. 28 (1980) .......................................................................................... 19

*Teamsters Local 312 v. Matlack, Inc.,*
   118 F.3d 985 (3d Cir. 1997) ......................................................................... 30

*Twp. of Aberdeen v. Patrolmen's Benev. Ass'n, Local 163,*
   286 N.J. Super. 372 (App. Div. 1996) ......................................................... 24

*Twp. of Montclair v. Montclair PBA Local No. 53,*
   No. A-0657-11T4, 2012 WL 1836090, at *4 (N.J. Super. Ct. App. Div. May 22, 2012) ........................................................................................................... 24

*United Steelworkers of America v. Enterprise Wheel & Car Corp.,*
   363 U.S. 593 (1960) ...................................................................................... 22

*Valley Nat. Bank v. Greenwich Ins. Co.,*
   254 F. Supp. 2d 448 (S.D.N.Y. 2003) ......................................................... 15

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,*
   489 U.S. 468 (1989) ................................................................................. 14,16

*Voth v. Fisher,*
   241 Or. 590 (1965) ....................................................................................... 25

## STATUTES CITED

N.J.S.A. 2A:23B-23(a) ........................................................ 21,22,30

N.J.S.A. 2A:23B-24(a) ........................................................ 21,22

N.Y.S.2d 746 (1959) .......................................................... 21

N.Y. Civ. P. 7511 (b) (1) (iii) .............................................. 21,30

9 U.S.C. §§ 9 and 13 ......................................................... 24

9 U.S.C. § 10(a)(4) .......................................................... 25

28 U.S.C. §1291 .............................................................. 1

28 U.S.C. §1332 .............................................................. 1

CPLR 3211(a)(4) .............................................................. 5

## RULES CITED

RULE 26.1 .................................................................... 1

## RULE 26.1 DISCLOSURE STATEMENT

All parties are individuals and Rule 26.1 is therefore inapplicable.

## JURISDICTIONAL STATEMENT

The court below had jurisdiction pursuant to 28 U.S.C. §1332. Petitioner is a citizen of the United Kingdom and Israel, domiciled in Israel, and Respondent is a citizen of the United States domiciled in New York. The amount in controversy exceeds $75,000.00.

This Court has appellate jurisdiction pursuant to 28 U.S.C. §1291 in that this is an appeal from a final judgment. (A119). A Notice of Appeal was timely filed on May 17, 2024. (A120).

## ISSUES PRESENTED FOR REVIEW

(1) Did the district court err in applying the Federal Arbitration Act rather than New Jersey arbitral law? Standard of Review: de novo.

(2) Did the district court err in finding the initial arbitration award to constitute a "final award"? Standard of Review: de novo.

(3) Did the district court err in finding that the arbitrators did not exceed their authority? Standard of Review: de novo as to the legal issue and clear error on the facts.

(4) Did the district court err in not vacating the arbitration award due to the arbitrators having exceeded their authority and having engaged in ex parte consultation with undisclosed experts and other third parties? Standard of Review: de novo as to the legal issue and clear error on the facts.

(5) Did the district court err in confirming the arbitration award in the sum of $4,000,000. Standard of Review: de novo as to the legal issue and clear error on the facts.

(6) Did the district court err in confirming the arbitration award for legal fees in the sum of $94,649.58. Standard of Review: de novo as to the legal issue and clear error on the facts.

## STATEMENT OF THE CASE

This matter came before the District Court for the Southern District of New York following the filing of a Petition by Benzion Rabinowitz ("Petitioner" or "Rabinowitz") to confirm an arbitration award against Appellant Levi Kelman ("Respondent" or "Kelman") and a cross-motion by Kelman to vacate the Award. The Honorable Nelson S. Roman, U.S.D.J., rendered the decision from which Kelman appeals.

The District Court below held that the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13 (the "FAA"), applied and granted Rabinowitz's Amended Petition to confirm the Award. (See Opinion and Order at A105-A119).

2

Petitioner characterized his application as seeking to confirm two (2) separate arbitration awards. This characterization is disingenuous. The Bais Din's determinations constitute only one complete award. In accordance with paragraph 2 of the initial award, Rabinowitz submitted documentation of his attorney's hours and fees, and Kelman objected to a substantial portion of those hours and fees. (A17 at ¶ 39). The Bais Din did not render a final award in this matter and had not adjudicated the issue of attorney's fees until the final award was entered by the Bais Din on April 27, 2023. (A18 at ¶ 40 and A23 ¶ 20). Kelman had, however, already filed his cross-motion to vacate (A10-A11) as well as his Order to Show Cause in the Superior Court of New Jersey. Thus, Kelman's applications to vacate were timely no matter which law is applied. (A13 at ¶ ¶ 3-4 and A18 at ¶ 41).

Petitioner contended that the District Court must apply the FAA. Kelman contended that the FAA did not apply to the within action and under applicable state law the Award should be vacated due to the conduct of the arbitrators that exceeded their authority and because the arbitrators engaged in *ex parte* consultation with undisclosed experts and other third parties.

Kelman alternatively contended that, if the FAA applied, the Award should nonetheless be vacated due to the conduct of the arbitrators that exceeded their authority and because the arbitrators engaged in *ex parte* consultation with undisclosed experts and other third parties.

3

## **RELEVANT PROCEDURAL HISTORY**

On April 12, 2021, Petitioner filed an application in the District Court for the Southern District of New York (the "District Court") seeking to confirm an arbitration award rendered by the Bais Din Rabbinical Tribunal of Lakewood, New Jersey (the "Southern District of New York Action"). The arbitration award was entered on January 3, 2021 (the "Award") (NYSD Dkt 1; see A12 at ¶ 2.

On May 3, 2021, Defendant Levin Kelman ("Kelman" or "Respondent") filed a summary action against Rabinowitz in the Superior Court of New Jersey, Ocean County (Docket No. OCN-L-1181-21) seeking to vacate the Award (the "New Jersey State Action") (*See* A13 at ¶ 3)

On May 3, 2021, Kelman filed opposition and a cross motion in the Southern District of New York Action seeking dismissal, or in the alternative, seeking a declaration that the Federal Arbitration Act does not apply and an order vacating the Award. (A10-11).

On May 24, 2021, Rabinowitz removed the New Jersey State Action to the Federal District Court for the District of New Jersey (the "District of New Jersey Action"). (A13 at ¶ 5).

On June 23, 2021, Kelman filed a motion in District of New Jersey Action seeking remand back to the Superior Court of New Jersey, Ocean County. (A13 at ¶ 6).

4

On June 24, 2021, Rabinowitz filed a motion in the District of New Jersey Action seeking a dismissal or stay pending a determination by the Court in the Southern District of New York Action, or in the alternative, a transfer of the matter to the Southern District of New York. (A13 at ¶ 7).

On November 23, 2021, Rabinowitz's request for dismissal or a transfer of the District of New Jersey Action was denied, and that matter was stayed pending a determination of the issues presented in the Southern District of New York Action. (A13 at ¶ 8).

On July 14, 2022, the District Court dismissed Rabinowitz's petition to confirm the Award, determining that the Court lacked subject matter jurisdiction and that the forum selection clauses of the agreements between the parties required the matter be brought in New Jersey. (SDNY Dkt 30; A13 at ¶ 9).

On August 11, 2022, Rabinowitz filed a notice of appeal to this Court. (SDNY Dkt 32; A13 at ¶ 10).

Despite the then-pending appeal in this Court and the stayed District of New Jersey Action, on August 31, 2022, Rabinowitz filed another petition to confirm the Award in the Supreme Court of New York, Rockland County (the "New York State Action") (A14 at ¶ 11). Kelman timely moved to dismiss the New York State Action and, on January 12, 2023, the Supreme Court of New York dismissed the New York State Action pursuant to CPLR 3211(a)(4), expressly basing dismissal on the

pendency of the previously filed District of New Jersey Action. (A14 at ¶ 12 and A23).

On September 9, 2022, the Court in the District of New Jersey Action, having been notified of the proceedings in the instant case, entered an Order to Show Cause *sua sponte* requiring Rabinowitz to show cause "as to why the court should not remand [the District of New Jersey Action]" back to the Ocean County Superior Court (A14 at ¶ 13). Before a determination was made by the court in the District of New Jersey Action, this Court reversed, in part, the dismissal of Rabinowitz's petition (A46), and the District of New Jersey Action remains stayed. (A14 at ¶ 14).

This Court limited its Decision to two discrete holdings. First, this Court rejected the District Court's finding that it lacked subject matter jurisdiction and held that the District Court had subject matter jurisdiction. Second, this Court held that the forum selection clauses at issue were permissive and "did not bar proceedings from going forward in [the District Court]. (A49-A50 and A78).

This Court declined to address all of the other issues previously raised by the parties, stating that "[w]e intimate no views on these matters and remand to the district court for further proceedings." (A77).

The issues previously presented in the Southern District of New York Action as well as in the District of New Jersey Action which then remained pending for adjudication included: 1) whether the Federal Arbitration Act applies, 2) whether the

Award was final when Rabinowitz commenced this action, 3) whether Kelman's motion to vacate was timely, 4) whether the Bais Din arbitrators exceeded their authority, and 5) whether the Award should be vacated. (A15 at ¶ 23).

After this Court remanded the case to the District Court, Rabinowitz sought Kelman's consent to file an Amended Petition. The factual underpinning for the filing of the Amended Petition was that the Bais Din had belatedly finalized the award by deciding the remaining issue of entitlement to attorney's fees. Rabinowitz' Amended Petition thus seeks to have this Court confirm the now-final award which includes attorney's fees. (SDNY Dkt 33; A14 at ¶ 15-16, A25-A41). Respondent did not "object to the filing of the amended petition but reserved his right to file opposition and objection to the merits of the amended petition once it ha[d] been filed with the court." (A14 at ¶ 17 and A39). A review of that award of attorney's fees makes clear that it was issued in furtherance of, and constitutes part of, the Bais Din's prior incomplete determination. (A38; A15 at ¶ 18).

## **FACTUAL BACKGROUND**

This matter arose as a result of a dispute between Petitioner Rabinowitz and Respondent Kelman with respect to various real properties. (Declaration of Levi Kelman, dated May 3, 2021 (A86 at ¶ 2). In connection with that dispute, Rabinowitz and Kelman executed and entered into a Settlement Agreement, subject to a reservation of rights. (A86 at ¶ 3; *see also* Settlement Agreement, A81 at ¶ 2(a),

(b) and (d)). All of the properties at issue listed in the Settlement Agreement, except for one, are located in the State of New Jersey. (A82 at ¶ 3). The Settlement Agreement provided that, if a dispute arose, the parties agreed to arbitration to be conducted by the Bais Din Maysharim Rabbinical Court located in Lakewood, New Jersey (the "Bais Din") or its Israeli affiliated Bais Din in Bnei Brak. (A82-A83 at ¶ 4(a)). The parties further agreed to submit to the jurisdiction of New Jersey state courts in the County of Ocean or to the Courts of Israel for the enforcement of any arbitration award. (*Id.*).

After a dispute arose under the Settlement Agreement on or about June 16, 2020, Rabinowitz sought arbitration by the Bais Din to resolve the dispute (A87 at ¶ 4), and the Bais Din required the parties to execute an Arbitration Agreement (A89-A90). The Arbitration Agreement was a form document that the parties had no ability to modify (A17 at ¶ 32). It stated that the parties submit themselves to the personal jurisdiction of the courts of the State of both New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to the New Jersey Arbitration Act and the New York Civil Practice Rules. (A89). Neither the Settlement Agreement nor Arbitration Agreement provided for or required that the Federal Arbitration Act apply to the dispute, the arbitration, the enforcement or vacation of any award.

The parties and their respective counsel participated in telephonic hearings conducted by the Bais Din in June and August 2020. (A17 at ¶ 33). At the hearings, Respondent and the Petitioner's son, Joseph Rabinowitz were the only witnesses who testified. (A87 at ¶ 5). No other fact or expert witnesses participated in the hearings. (A87 at ¶ 5). Following the telephonic hearings, the Bais Din directed the parties to submit briefs regarding the law to be considered with respect to the interpretation and effect to be given to the Settlement Agreement. (A17 at ¶ 34).

The issues presented before the Bais Din by Kelman included whether Rabinowitz was entitled to a monetary award at that time because the express terms of the Settlement Agreement, which was drafted by Rabinowitz' counsel, reserved the parties' underlying claims by providing that their respective releases would not become effective until full payment was tendered. (A81-A82 at ¶ 2(a), (b) and (d). Further, Kelman argued that there was no default provision contained within the Settlement Agreement because, in the absence of full payment, the parties were free to litigate their underlying claims and defenses. Kelman further argued that construing the Settlement Agreement as contended by Rabinowitz would nullify the reservation of their claims as provided in sections 2(a), (b) and (d) of the Settlement Agreement, in contravention to established law. (A93-A101).

After the hearings had concluded and briefing of the issues had been completed, the Bais Din unilaterally retained an as-yet unknown attorney to review

the contentions and arguments presented by the parties. (A17 at ¶ 35). Respondent did not agree to the retention of a third-party attorney to review or advise the Bais Din. (A87 at ¶ 7). To date, the identity of the attorney retained by the Bais Din has not been disclosed, and that attorney's precise role in assisting the Bais Din has not been specified. (A87 at ¶ 8)..

The parties then waited for the Bais Din to hold another hearing or otherwise provide the parties with an opportunity to review and address the opinions or report of the unknown attorney. However, rather than identify the attorney or disclose the attorney's opinions or report, the Bais Din entered a preliminary partial award, referred to as a "Psak," dated January 3, 2021. (A103 and A17 at ¶ 37). The initial award evidences that the Bais Din delegated decision-making authority to the unnamed third-party attorney. The initial award was not delivered to Respondent until January 10, 2021. (A103 and A17 at ¶ 37). The Psak was set forth solely in Hebrew. (*Id.*). Although Respondent's counsel requested that the Bais Din provide an English translation, the Bais Din declined to do so. (A17 at ¶ 38).

The English translation of the Psak, in relevant part, states as follows:

> … hearing the two parties' claims, ***and consulting with experts and considering their words,*** the following verdict has been issued by us:
>
> 1. The ***agreement between the parties is still in force.*** Therefore, defendant must immediately pay plaintiff the sum of the compromise between them minus what he already paid, which is the sum of $4,000,000.

2. As per the agreement, defendant must pay reasonable attorney's wages, only according to the number of hours that he worked for him. In order to estimate and decide on this, ***plaintiff must submit a record that delineates his hours, and then the rabbinical court will adjudicate on that.***

3. ***The rabbinical court retains the right to adjudicate regarding any matter that arises related to this litigation***.

(A104).   The Bais Din expressly required that "plaintiff ***must submit*** a record" of his attorney's hours, and that the Bais Din would then ***adjudicate*** that issue.  (A104 at ¶ 2).  The Bais Din further retained the right to ***adjudicate regarding any matter that arises related to this litigation***.  (A104 at ¶ 3).

In accordance with paragraph 2 of the Psak, Rabinowitz submitted documentation of his attorney's hours and fees, and Kelman objected to a substantial portion of those hours and fees.  (A17 at ¶ 39).   The Bais Din had not relinquished its right to ***adjudicate regarding any matter that arises related to this litigation***. (*Ibid.*).

The Bais Din did not render a final award in this matter and had not adjudicated the issue of attorney's fees **until** a final award was entered by the Bais Din on April 27, 2023.  (A18 at ¶ 40).   Prior to that point in time, Respondent had already filed his applications to vacate based upon *inter alia* the Bais Din exceeding its authority. (SDNY Dkt 10 through 13; A10-A11 and see A18 at ¶ 41).

11

## SUMMARY OF THE ARGUMENT

The Parties expressly agreed that either New Jersey or New York arbitration law would apply. The Arbitration Agreement between the parties expressly provided that any affirmation of any award was to be effectuated pursuant to each state's specific arbitration act. There is no silence with respect to procedure, and both states have clear arbitration procedures and statutes of limitations contained therein. Moreover, the arbitration laws of both New Jersey and New York are consistent with the FAA's policy of enforcing arbitration and timely resolution of confirmation or vacation proceedings. Thus, state law rather than the FAA should have been applied by the District Court.

Based upon the facts and applicable case precedent, New Jersey law should have been applied to this matter. Nineteen of the twenty properties at issue in the underlying Settlement Agreement are located in New Jersey. The Bais Din before whom the parties agreed to mediate their dispute, both in connection with the Settlement Agreement and Arbitration Agreement, is located in Lakewood, New Jersey. The parties elected to go to the Rabbinical Court in Lakewood, New Jersey to arbitrate their matter even though there is a Rabbinical Court in Rockland County, New York. Appellant therefore submits that New Jersey has the most significant relationship with the transactions underlying the parties' dispute and with their

12

Settlement Agreement, and that New Jersey law should have been applied by the District Court.

Moreover, neither New Jersey law, New York law or the FAA permit arbitrators to exceed the authority bestowed by the parties or to unilaterally delegate their role to a third-party as occurred in this case. Thus, Appellant submits that regardless of the law applied, the award should have been vacated by the District Court.

Lastly, Rabinowitz's application should have been denied by the District Court because a final award had not yet been rendered by the Bais Din when the initial petition was filed. The Bais Din did not render a final award in this matter, and had not adjudicated the issue of attorney's fees, until a final award was rendered by the Bais Din on April 27, 2023. Only then did the Award become a final award subject to either confirmation or vacation. As noted above, Kelman had already timely moved to vacate any award, and the District Court should have vacated the award due to the conduct of the arbitrators that exceeded their authority and because the arbitrators engaged in *ex parte* consultation with undisclosed experts and other third parties.

## LEGAL ARGUMENT

## POINT I

### THE DISTRICT COURT ERRED IN APPLYING THE FEDERAL ARBITRATION ACT BECAUSE THE SETTLEMENT AGREEMENT AND ARBITRATION AGREEMENT PROVIDED FOR THE APPLICATION OF EITHER THE NEW JERSEY ARBITRATION ACT OR THE NEW YORK CIVIL PRACTICE RULES

It is well-settled that the Federal Arbitration Act does not preempt state law particularly when the state law at issue deals with procedural rules, such as the time for filing or the venue in which to file a motion to confirm or vacate an arbitration award. *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 468 (1989): *see also Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

"The goal of the Act is to enforce the agreement of the parties, not to effect the most expeditious resolution of claims." *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 728 (8th Cir. 2001) (citing *Baesler v. Continental Grain Co.*, 900 F.2d 1193, 1195 (8th Cir. 1990). The construction of an agreement to arbitrate is not governed by the Federal Arbitration Act if the agreement expressly provides that state procedural law should govern. *Id.* at footnote 9.

Based upon the foregoing, it is submitted that the Federal Arbitration Act should be deemed inapplicable to this matter pursuant to the parties' agreement that state law apply to the arbitration of their dispute and the enforcement of any award.

A. **Respondent's Opposition and Cross-Motion Was Timely Whether Construed Under New Jersey or New York Law, and State Law Governs the Interpretation of the Arbitration Award**

The Petitioner argues that Respondent's initial cross-motion filed on May 3, 2021 is untimely under the Federal Arbitration Act. However, there is no dispute that the cross-motion **is timely** under both the provisions of New Jersey and New York arbitration law. In support of his argument that the Federal Arbitration Act should apply, Petitioner argues that the choice of law provision is merely permissive, rather than mandatory. In making this argument, Petitioner confuses the difference between forum selection clauses and choice of law provisions and related choice of law doctrine. Choice of law provisions are generally never permissive. *See e.g., Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 333 (2d Cir. 2005); *J.A.O. Acquisition Corp. v. Stavitsky*, 745 N.Y.S.2d 634, 639 (Sup. Ct. 2001), *aff'd,* 739 N.Y.S.2d 821 (App. Div. 2002); *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). To the extent, if any, the choice of law provision is permissive, it is only permissive as to whether or not the parties would invoke New Jersey or New York arbitration law. The law which "applies is a question that has only one answer, ascertainable first through an explicit choice of law clause and then, if no such clause exists, by a conflict of laws analysis." *See e.g., Valley Nat. Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 455 (S.D.N.Y. 2003).

The deadline to file a motion to vacate an arbitration award pursuant to the Federal Arbitration Act does not apply because the Settlement Agreement and Arbitration Agreement expressly provided for application of the New Jersey Arbitration Act and Article 75 of the New York Civil Practice Rules. Where an arbitration provision is consistent with "the FAA policy of enforcing arbitration procedures chosen by the parties, choice-of-law clauses making no explicit reference to arbitration commonly have been interpreted to incorporate the State's law governing the enforcement of arbitration agreements." *Sec. Ins. Co. of Hartford v. TIG Ins. Co.*, 360 F.3d 322, 328 (2d Cir. 2004). The Federal Arbitration Act **does not** preempt choice of law provisions where the parties signify their intent to be bound by state rules governing arbitration. *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1200 (2d Cir. 1996). Furthermore, the Federal Arbitration Act does not preempt state law when the state law at issue deals with procedural rules, such as the time for filing or the venue in which to file a motion to confirm or vacate an arbitration award. *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 468 (1989): *see also Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *see also Mastick v. TD Ameritrade, Inc.*, 147 Cal. Rptr. 3d 717, 722 (Ct. App. 2012) (holding that where a choice of law provision provides that a state's arbitration act governs an agreement to arbitrate, the state arbitration act, rather than the Federal Arbitration Act, applies). In other words, a choice-of-law provision in an

arbitration agreement will override federal law governing arbitration disputes where the parties intend to apply state arbitration procedural law. *See Bisnoff v. King*, 154 F. Supp. 2d 630, 636 (S.D.N.Y. 2001).

In *Jeereddi A. Prasad, M.D. Inc. v. Investors Assocs. Inc.*, a choice-of-law provision at issue provided that "New York law governs the parties' rights under the contract, and that the arbitration shall be governed by NASD rules." *Jeereddi A. Prasad, M.D., Inc., Ret. Plan Tr. Profit Sharing Plan v. Inv'rs Associates, Inc.,* 82 F. Supp. 2d 365, 369 (D.N.J. 2000). The NASD Code of Arbitration Procedure, however, did not provide a statute of limitation for objections to be made. Therefore, the Court had to determine whether the Federal Arbitration Act or New York law applied. *Id.* at 368–69. In determining that the Federal Arbitration Act should apply, the Court noted there was no language indicating "that the parties embraced New York's rules for the arbitration confirmation process." The contract was silent with respect to arbitration procedure. In "light of this silence, and federal policy favoring prompt resolution of disputes, finality of arbitration, and limited judicial intervention into arbitration," the Court held that the Federal Arbitration act should apply. *Ibid.*

In the instant case, the Arbitration Agreement expressly provides that any affirmation of any award is to be effectuated pursuant to each state's specific arbitration act. The Parties expressly agreed that either New Jersey or New York arbitration law would apply. There is no silence with respect to procedure, and both

states have clear arbitration procedures and statutes of limitations contained therein. Both states' arbitration laws are consistent with the Federal Arbitration Act's policy of enforcing arbitration and timely resolution of confirmation or vacation proceedings. *Sec. Ins. Co. of Hartford v. TIG Ins. Co.,* 360 F.3d 322, 328 (2d Cir. 2004); *see also Dominium Austin Partners, L.L.C. v. Emerson,* 248 F.3d 720, 728 (8th Cir. 2001) (stating that "[t]he goal of the Act is to enforce the agreement of the parties, not to effect the most expeditious resolution of claims.").

The parties agreed to the language contained in Settlement Agreement and the Arbitration Agreement, which provided that the interpretation, confirmation, and/or vacation of an arbitration award would be decided pursuant to New Jersey or New York arbitration law. Neither of the agreements contemplated application of the Federal Arbitration Act. The parties expressly acknowledged and provided for application of state arbitration law. Application of the Federal Arbitration Act and its limitations provision in this case would unfairly render Respondent's claim time barred in contradiction to the express understanding of the Parties that the procedural laws of New York or laws of New Jersey would govern.

## POINT II

## NEW JERSEY LAW SHOULD APPLY TO ENFORCEMENT OR VACATION OF THE AWARD

When determining choice of law, the "most significant relationship test" applies in tort and contract cases, unless the agreement underlying a contractual dispute includes a choice of law provision. *Schmidt v. Celgene Corp.,* 425 N.J. *Super. 600, 606 (App. Div. 2012); P.V. v. Camp Jaycee,* 197 N.J. 132, 135–36 *(2008).* Where there is a choice of law provision, it will be honored "so long as there is a substantial relationship between the state selected and the contract." *Schmidt v. Celgene Corp.,* 425 N.J. Super. 600, 606 (App. Div. 2012).

"[T]he law of the place where the contractual obligation was made ordinarily governs, as distinguished from tort cases, in which the law of the place of the wrong usually controls the determination of the rights and liabilities of the parties." *State Farm Mut. Auto. Ins. Co. v. Simmons' Estate,* 84 N.J. 28, 33 (1980)." [T]he law of the place of the contract will govern the determination of the rights and liabilities of the parties under the insurance policy. This rule is to be applied unless the dominant and significant relationship of another state to the parties and the underlying issue dictates that this basic rule should yield." *State Farm Mut. Auto. Ins. Co. v. Simmons' Estate,* 84 N.J. 28, 37 (1980); see also *Diamond Shamrock Chemicals Co. v. Aetna Cas. & Sur. Co.,* 258 N.J. Super. 167, 198 (App. Div. 1992)

According to the above-cited precedent, New Jersey law should apply to this matter. Nineteen of the twenty properties at issue in the underlying Settlement Agreement are located in New Jersey. The Bais Din before whom the parties agreed to mediate their dispute, both in connection with the Settlement Agreement and Arbitration Agreement, is located in Lakewood, New Jersey. The Petitioner resides outside of the Country, in Israel. The only connection that the State of New York has with the Settlement Agreement is that the Respondent lives in New York. (Kelman Dec. at ¶ 4). Although Respondent resides in Rockland County, New York, the majority of his business is conducted in New Jersey and his offices are located in New Jersey. That is why the parties elected to go to the Rabbinical Court in Lakewood, New Jersey to arbitrate their matter even though there is a Rabbinical Court in Rockland County, New York. Id. For the foregoing reason, it is submitted that New Jersey has the most significant relationship with the transactions underlying the parties' dispute and with their Settlement Agreement.

Pursuant to New Jersey law, a party aggrieved by an arbitration award has 120 days to file a summary action to seek modification or vacation of an award[1] made in the arbitration proceeding if:

---

[1] The 120-day deadline to file the application for vacation of an arbitration award pursuant to New Jersey law had not expired at the time of the filing of Kelman's cross- motion on May 3, 2021even if, *arguendo,* the initial Psak was to be deemed a final award. Assuming, *arguendo,* that New York arbitration procedural law should apply, Respondent's cross-motion to vacate the award was still timely. New York law permits a party to oppose a motion to confirm with a motion to vacate even after three months have expired. Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175-76 (2d Cir. 1984); Grayson-Robinson Stores v. Iris Construction Corp., 183 N.Y.S.2d 695, app. den., 185

(1) the award was procured by corruption, fraud, or other undue means;

(2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3) an arbitrator refused to postpone the hearing upon a showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

N.J.S.A. 2A:23B-23(a).   If none of the grounds for vacating the award are met, the

court may still modify the award pursuant to N.J.S.A. 2A:23B-24 if:

(1) there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrator made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

(3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

N.J.S.A. 2A:23B-24 (a).

Petitioner has not sought relief in accordance with the Arbitration Agreement.

Petitioner, therefore, has not availed himself of the opportunity to invoke his choice-

of-law preference pursuant to the New York arbitration provisions or the New Jersey

arbitration act.  Thus, the Respondent, upon the filing of the cross-motion and his

---

N.Y.S.2d 746 (1959). New York law provides grounds to vacate an arbitration award that mirror New Jersey law.  See N.Y. Civ. P.  7511 (b) (1).

contemporaneous Order to Show Cause filed in the Superior Court of New Jersey, was the first to invoke his choice. Therefore, New Jersey law should apply.

Based upon the foregoing, it is respectfully submitted that this matter should be decided pursuant to the above-quoted provisions of N.J.S.A. 2A:23B-23(a) and N.J.S.A. 2A:23B-24(a) and the case law developed in the state courts of New Jersey.

## POINT III

### THE DISTRICT COURT SHOULD HAVE VACATED THE ARBITRATION AWARD REGARDLESS OF WHETHER NEW JERSEY LAW, NEW YORK LAW OR THE FAA APPLIED

Neither New Jersey law, New York law or the FAA permit arbitrators to exceed the authority bestowed by the parties or to unilaterally delegate their role to a third-party as occurred in this case.

### A.    New Jersey Standard

It is well-established that Courts are permitted to vacate an arbitration award if the arbitrators exceeded their authority or acted improperly. *Local No. 153, Office & Professional Employees International Union, AFL-CIO v. Trust Company of New Jersey,* 105 N.J. 442, 449 (1987) (citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960).  While arbitrators have broad discretion and authority to draw *on their own knowledge and experience* in analyzing the facts and fashioning an appropriate remedy, arbitrators have no

22

authority beyond that delegated to them by the parties. *Local No. 153*, 105 N.J. 442, at 450 (citing *Cty. Coll. of Morris Staff Ass'n v. Cty. Coll. of Morris*, 100 N.J. 383, 392 (1985). The jurisdiction and authority of the arbitrators is circumscribed by, and limited to, the powers delegated to them. *Kearny PBA Local # 21 v. Town of Kearny,* 81 N.J. 208, 217 (1979). The arbitrators' powers are limited by the agreement of the parties, and the arbitrators may not exceed the scope of the powers granted by the parties. *See High Voltage Engineering Corp. v. Pride Solvents & Chem. Co. of N.J., Inc.,* 326 N.J. Super. 356, 361-62 (App. Div. 1999). These restrictions relate both to the procedure that the arbitrators must apply in resolving disputes and the substantive matters that they may address. *Commc'ns Workers of Am., Local 1087 v. Monmouth Cty. Bd. of Soc. Servs.*, 96 N.J. 442, 448 (1984). "Any action taken beyond that authority is impeachable." *In re Arbitration Between Grover & Universal Underwriters Ins. Co.,* 80 N.J. 221, 229 (1979). The Court in *Fred J. Brotherton, Inc. v. Kreielsheimer*, 8 N.J. 66, 70, (1951), succinctly explained the role of an arbitrators as follows:

> The obligation of arbitrators, like that of jurors, is to act fairly and impartially and to determine the cause upon the evidence adduced before them at the hearing. They have no right to consider facts excepting as submitted in the evidence at the hearings and it is misconduct for them to seek outside evidence by independent investigation. An arbitrator acts in a *quasi*-judicial capacity and must render a faithful, honest and disinterested opinion upon the testimony submitted to him.

*See also Twp. of Aberdeen v. Patrolmen's Benev. Ass'n, Local 163*, 286 N.J. Super. 372, 377, (App. Div. 1996); *see also Twp. of Montclair v. Montclair PBA Local No. 53*, No. A-0657-11T4, 2012 WL 1836090, at *4 (N.J. Super. Ct. App. Div. May 22, 2012) (holding that an arbitrator's reliance on a provision that neither party cited, relied upon, or even had notice was at issue constituted procedural misbehavior prejudicial to the rights of a party sufficient enough to warrant vacating an arbitration award).

**B.    New York Standard**

It is similarly well-settled under New York law that arbitrators exceed their power if their award [1] violates strong public policy, [2] is irrational or [3] clearly exceeds a specifically enumerated limitation on the arbitrator's power. *New York City Transit Auth. v. Transp. Workers' Union of Am., Local 100, AFL-CIO*, 6 N.Y.3d 332, 336 (2005). An arbitration award may be set aside on the ground that the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made." N.Y. Civ. P. 7511 (b) (1) (iii).

Arbitrators must afford the parties the opportunity to present evidence and to cross-examine witnesses and may act only upon proof adduced at a hearing that was properly noticed and convened. *Goldfinger v. Lisker*, 68 N.Y.2d 225, 231 (1986). Arbitrators "may not predicate their award on the strength of independent

investigation unless so authorized by the parties." Id. at 231 (quoting *Berizzi Co. v. Krausz*, 239 N.Y. 315, 318 (1925)). Where a particular party is appointed as an arbitrator, he cannot delegate his duties and powers to another, or substitute someone else except with the consent of the parties. *Bldg. Serv. Employees Int'l Union, Local 32B, A.F. of L., v. Filene Holding Corp.*, 43 N.Y.S.2d 309, 309 (Sup. Ct. 1943); *Voth v. Fisher*, 241 Or. 590 (1965).

### C.   Federal Arbitration Act Law

Even if the Federal Arbitration Act applies, the Respondent's Cross-Motion to Vacate the Award should be granted because the arbitrators exceeded their powers. The Federal Arbitration Act allows vacatur of an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The Federal Arbitration Act ("FAA") permits vacatur of an arbitral award where the arbitrators "exceed[] their powers." 9 U.S.C. § 10(a)(4). If "the arbitrator

act[s] outside the scope of his contractually delegated authority"—issuing an award that "simply reflect[s] [his] own notions of [economic] justice" rather than "draw[ing] its essence from the contract"—may a court overturn his determination. *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000). Thus, the Court must determine "whether the arbitrator[s] acted within the scope of [their] authority," or whether the arbitral award is merely the "arbitrator[s'] own brand of justice." *Local 1199 v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir.1992).

The Second circuit has also recognized that that the district court may vacate an arbitration award that exhibits a "manifest disregard" of the law. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (citing *Goldman v. Architectural Iron. Co.*, 306 F.3d 1214, 1216 (2d Cir.2002)).

### D.    Application of the Law to the Facts

In the case *sub judice*, the Psak states that the Arbitrators **consulted with experts and considered their words** in reaching a decision and rendering the award. (A104 at opening paragraph, second sentence).  The Arbitration Agreement does not grant the Bais Din the authority to consult with their own experts or seek ex-parte expert reports and rely upon such extraneous information in rendering their decision. The Bais Din did not inform the parties that it would retain outside experts until *after* the hearings concluded and *after* post-hearing briefs had been submitted.  The only

expert known to the Respondent at this time is an unidentified attorney retained by the Bais Din. Neither his name nor credentials have even been disclosed. Moreover, the award discloses that the Arbitrators consulted with *experts*, plural, and considered *their* words. Such unauthorized independent investigation is contrary to applicable law and the terms of the Arbitration Agreement and the Settlement Agreement.

The Bais Din issued their Psak without first disclosing the opinions or reports given by the unidentified attorney or the previously undisclosed and as yet unidentified "experts" with whom they "consulted" ex parte and whose undisclosed words they "considered." This was in contravention of the Arbitration Agreement. The Arbitration Agreement provides that the "Parties agree that the Arbitrators shall have the right to hear testimony and evidence without the presence of a Party if the Party does not attend a scheduled hearing." This language makes it evident that the parties had a right to be notified and present whenever testimony was to be taken. The Bais Din could only proceed *after notice* in the absence of a party unless that party voluntarily chose not to participate and/or failed to appear at a hearing. In the present case, it is not clear if there was testimony given by the attorney or by the "experts" or if the unidentified "experts" and/or unidentified attorney rendered reports. Regardless, there is nothing in the Arbitration Agreement that authorized the Bais Din to consult ex-parte with any experts or seek ex-parte expert reports and

rely upon them in rendering their decision. Moreover, the Bais Din did not disclose the qualifications of the unidentified experts or the attorney or specify the reasons why their participation in the decision-making process was required. Even assuming, *arguendo*, that such independent activity and third-party involvement was somehow permitted under the law, which it is not, any such consultation should have been in the presence of, or disclosed to, the parties, and any reports should have been provided to the parties to afford the parties an opportunity to address such information or opinions. The Bais Din's extraordinary and unauthorized conduct of engaging in secret, *ex parte* consultations with one or more unidentified experts is akin to a "star chamber" proceeding. Moreover, such consultation constitutes improper delegation of the Arbitrators' duties to unknown third parties. It is not even known whether the unidentified third-party attorney or experts were orthodox Jews.

As discussed above, the arbitrators' powers are governed by the arbitration provision in the Settlement Agreement and the Arbitration Agreement. Arbitration is a creature of contract, whereby the parties waive their right to a jury trial and agree to have their dispute determined by independent arbitrators of their choice. The authority of the chosen arbitrators is only as great as that which is specifically granted by the parties in the controlling agreements. These principles are universally recognized and applied.

28

The Arbitration Agreement provided that the dispute was to be decided by a "panel of three arbitrators of the Maysharim Rabbinical Court" in Lakewood. The Arbitration Agreement did not bestow upon the Bais Din the authority to consult with third-party experts or to delegate their duties and responsibilities. This is particularly egregious because it occurred *after* the hearings had ended and *after* the parties' post-hearing briefs had been submitted, and the parties were not afforded an opportunity to participate. Rather than disclose the reports or opinions of these unidentified third parties, the Bais Din proceeded with the issuance of the Psak. The Bais Din, thus, deviated from accepted procedure and the agreed-upon terms of the Arbitration Agreement by unilaterally delegating their function to an undisclosed third-party attorney and other unknown "experts" without affording the parties any opportunity to review or respond. Such delegation is expressly forbidden under New Jersey and New York law. *See Local No. 153*, 105 N.J. at 450 (citing *Cty. Coll. of Morris Staff Ass'n*, 100 N.J. at 392; *Town of Kearny,* 81 N.J. at 217; *High Voltage Engineering Corp.*, 326 N.J. Super. at 361-62; *Bldg. Serv. Employees Int'l Union, Local 32B, A.F. of L., v. Filene Holding Corp.*, 43 N.Y.S.2d 309, 309 (Sup. Ct. 1943).

There was no agreement by the parties that any undisclosed third-party attorney or other "experts" could participate in rendering opinions or otherwise be involved in the determination of their dispute. The Bais Din, therefore, improperly

29

exceeded its authority, acted improperly, and engaged in misconduct. Respondent Kelman has been prejudiced by that improper conduct, thereby requiring vacation of the award pursuant to N.J.S.A. 2A:23B-23 (a) (1) and (4) and, alternatively, pursuant to N.Y. Civ. P. 7511 (b)(1).

## POINT IV

## THE DISTRICT COURT ERRED BECAUSE
## THE INITIAL PSAK WAS NOT A FINAL AWARD

Even if the FAA applies, the Kelman's Cross-Motion to Vacate and his contemporaneously filed Order to Show Cause were timely filed on May 3 2021 because a final award had not been entered by the Bais Din. The Rabinowitz's application should have been denied by the District Court because a final award had not yet been rendered by the Bais Din when the initial petition was filed. The Bais Din did not render a final award in this matter, and had not adjudicated the issue of attorney's fees, until a final award was entered by the Bais Din on April 27, 2023. Only then did the Award become a final award subject to either confirmation or vacation. When arbitrators have fully executed their authority and declared their decision as to all issues presented, they ordinarily have "no power or authority to proceed further." *Teamsters Local 312 v. Matlack, Inc.,* 118 F.3d 985, 991 (3d Cir. 1997). An arbitrator's power is terminated only *after* making a full and final

decision, regardless of the correctness of that decision. *See Kimm v. Blisset, LLC*, 388 N.J. Super. 14, 26 (App. Div. 2006).

Before a court may intervene or exercise jurisdiction pursuant to an arbitration award, there must be a "final award." Generally, the award of an arbitrator is considered final upon a full and complete determination of all matters submitted to the arbitrator. *See Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd.*, 372 N.E.2d 21 (N.Y. 1977). "An award is deficient and subject to vacatur 'only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy.'" *Muller v. Wertzberger*, 972 N.Y.S.2d 144 (Sup. Ct. 2013) (quoting *Bd. Of Educ. Of Amityville Union Free School Dist. v Amityville Teacher's Ass'n*, 62 AD3d 992, 993-94 (2d Dept 2009).

In rendering the initial Psak, the Bais Din held that the "***agreement between the parties is still in force***." (A104). The Bais Din further stated that it had not yet rendered a decision on the issue with respect to attorney fees and costs. (*Id.*). Moreover, the Bais Din expressly stated that it was retaining jurisdiction "***to adjudicate any matter that arises related to this litigation.***" (*Id.*). No party objected to the Bais Din's retention of jurisdiction.

The terms and conditions of the Settlement Agreement were not been abrogated or rendered of no further force or effect by the Psak because the Bais Din

held that the "*agreement between the parties is still in force*." (A104).   Pursuant to the terms of the Settlement Agreement, neither party has released their underlying claims, and each party is free to assert their respective claims against the other party. Thus, the Settlement Agreement contained a reservation of rights by each of the parties.   "The finality of the release depends upon the intent of the parties in executing the release." *Central Motor v. E I Dupont Denemours*, 251 N.J. Super. 34 (1989); *see also Breen v. Peck*, 28 N.J. 351 (1958).  This is consistent with the Bais Din expressly retaining jurisdiction as opposed to entering a definitive final award. The retention of jurisdiction is not solely as to legal fees.  The express language of the initial award provides that the Bais Din has retained jurisdiction "*to adjudicate any matter that arises related to this litigation.*"    This language clearly encompasses the Respondent's substantive claims that have not yet been released by operation of sections 2(a), (b) and (d) of the Settlement Agreement.  (A81-A82).

The Bais Din's determination that the "*agreement between the parties is still in force*" coupled with the Bais Din's retention of jurisdiction "*to adjudicate any matter that arises related to this litigation*" established that the Bais Din determined that the respective releases recited in the Settlement Agreement have not yet become effective as provided in sections 2(a) and 2(b) of the Settlement Agreement, and that the parties, therefore, remain free to litigate their underlying claims and defenses.

The fact that the award was not final is further evidenced by the fact that the Bais Din entered its award of attorney's fees on April 27, 2023.  (A18 at ¶ 40 and A28 at ¶ 20).  Prior to that point, Respondent had already filed his motion and Order to Show Cause to vacate the arbitration award due to the irregularities discussed in Point III above. (A10-A11 and SDNY Dkt 10 through13).

## **CONCLUSION**

For the foregoing reasons, this Court should reverse the determination rendered by the District Court in this matter and vacate the Arbitration Award.

Respectfully submitted,
BATHGATE, WEGENER & WOLF, P.C.
Attorneys for Respondent Levi Kelman
One Airport Road, P.O. Box 2043
Lakewood, New Jersey 08701
732-363-0666

By: /s/ *Dominic J. Aprile*
     DOMINIC J. APRILE

New Jersey, Ocean County
Dated:        September 3, 2024

33

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7)

The undersigned hereby certifies that:

1. This brief complies with the type-volume limitation of F.R.A.P. 32(a)(7)(B) because: this brief contains 7,735 words, not including the items excluded pursuant to F.R.A.P. 32(f).

2. This brief complies with the typeface requirements of F.R.A.P. 32(a)(5) and the type of style requirements of F.R.A.P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using the Microsoft Word 97-2003 processing program in 14-point Times New Roman font.

Dated:    Ocean County, New Jersey
           September 3, 2024

                          **Bathgate, Wegener & Wolf, P.C.**
                          By: *s/ Dominic J. Aprile*
                          Dominic Aprile
                          One Airport Road
                          Lakewood, New Jersey
                          Tel. 732-363-0666
                          Email: daprile@bathweg.com
                          Attorneys for Appellant